# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANET M. PASCHETTE,**

        **Plaintiff,**

**-vs-**                           **Case No. 6:11-cv-442-Orl-31GJK**

**WELLS FARGO BANK, N.A. and JOHN
DOE LOAN OWNER, INC.,**

        **Defendants.**

_____/

## ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint (Doc. 31) filed by the Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), and the response (Doc. 32) filed by the Plaintiff, Janet Paschette ("Paschette").

Paschette filed the instant suit in state court on February 8, 2011. It was removed to this Court on March 22, 2011. In her initial complaint (Doc. 23), Paschette asserted claims under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"), and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"). On June 21, 2011, the Court dismissed the RESPA claim without prejudice on the grounds that Paschette had failed to properly plead damages, dismissed the TILA claim with prejudice on the grounds that the Act did not afford a private right of action against servicers such as Wells Fargo for the wrong Paschette allegedly suffered, and struck her jury trial demand on the grounds that she had previously waived her right to a jury trial. (Doc. 25 at 5-8).

The Amended Complaint (Doc. 27), which the Plaintiff filed without seeking leave to do so, again raises claims under RESPA, the FCCPA, and TILA, and includes a jury trial demand. Wells Fargo argues the Amended Complaint should be dismissed because the Court did not grant Paschette leave to file it and because Paschette is reasserting (1) a RESPA claim that was dismissed with prejudice and (2) a jury trial demand that the Court had already stricken.[1]

Paschette agrees that the issues of her TILA claim and jury trial right have already been resolved against her, saying she was reasserting them solely to avoid a waiver argument on appeal. As for the filing of the Amended Complaint without leave, the Court's dismissal of the TILA claim without prejudice implicitly informed the Plaintiff that she would be given an opportunity to correct the deficiency that resulted in the dismissal.  Although the better practice would have been to seek leave to file the Amended Complaint, the Court will not dismiss this pleading on that basis.

Wells Fargo also complains that Paschette has again failed to state a claim for a RESPA violation.  The gravamen of Paschette's RESPA claim is that she sent Wells Fargo a Qualified Written Request ("QWR"), that Wells Fargo failed to acknowledge receipt of the QWR within the statutorily mandated time frame, and that Wells Fargo's eventual response "failed to provide all of the information requested."  (Doc. 27 at 3).  Specifically, Paschette contends that Wells Fargo failed to provide "the identity of the Note owner".[2]  (Doc. 27 at 3).

Paschette does not allege that she suffered any harm as a result of Wells Fargo's alleged failure to acknowledge her QWR within the statutory deadline.  She does allege that the failure to

---

[1]Wells Fargo does not challenge the legal sufficiency of Paschette's FCCPA claim.

[2]Paschette alleges that Wells Fargo failed to provide other requested information, but the identity of the Note owner is only such piece of information she lists in the Amended Complaint.

provide the identity of the owner of her loan caused her to suffer actual damages "from being

unable to determine who owned her loan and whether her loan was properly evaluated for a

HAMP modification" as well as "stress, anxiety, aggravation, and frustration over the violation of

her rights under RESPA." (Doc. 27 at 3-4).  But RESPA does not require a servicer such as Wells

Fargo to provide the identity of the owner of a loan.[3]  *See Patton v. Ocwen Loan Servicing, LLC*,

2011 WL 3236026 (M.D. Fla. July 28, 2011) (collecting cases).  Accordingly, the allegation that

Wells Fargo failed to provide that information does not state a claim for a RESPA violation, no

matter what damages Paschette allegedly suffered as a result of that failure.

In addition to actual damages, RESPA permits individuals to recover up to $1,000 in

"additional damages, as the court may allow, in the case of a pattern or practice of noncompliance

with the requirements of this section."  12 U.S.C. § 2605(f)(1)(B).  Paschette alleges that Wells

Fargo refused to supply some requested information in the instant case and in response to requests

from "at least three residents of Brevard County," demonstrating that Wells Fargo "engaged in a

pattern and practice of incomplete responses." (Doc. 27 at 3).  These allegations, which fail to

identify any wrongfully withheld information (aside from the identity of the owner of the loan,

which Wells Fargo was not obligated to provide), are too conclusory to state a claim based on a

pattern or practice of RESPA noncompliance.

In consideration of the foregoing, it is hereby

---

[3]TILA, in contrast, does obligate loan servicers to provide this information.  15 U.S.C. § 1641(f).  But TILA does not provide a right of action against servicers.  *Paschette v. Wells Fargo Bank, N.A.*, 2011 WL 2470314 (M.D. Fla. June 21, 2011).

**ORDERED AND ADJUDGED** that the Motion to Dismiss Amended Complaint (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**.  Count I is **DISMISSED WITHOUT PREJUDICE**.  Count III is **DISMISSED WITH PREJUDICE**.  The Plaintiff's jury trial demand is **STRICKEN**.

Should she desire it, the Plaintiff will be given one last chance to state a claim under RESPA.  The Plaintiff may file another amended complaint on or before September 19, 2011.  If she chooses to file another amended complaint, the document should not include a TILA claim or a jury trial demand.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 8, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party